UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

RALPH E. TAKEN ALIVE,

   Petitioner,

v.

J. GILLEY, Warden,

   Respondent.

Civil Action No. 6: 23-CV-059-CHB

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Ralph E. Taken Alive is a federal prisoner at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Taken Alive filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he asserts numerous claims. *See* [R. 1]. Taken Alive first tries to collaterally attack his underlying sentence by suggesting that intervening changes in statutory law show that his sentence is no longer proper. *See id.* at 5. Taken Alive also implies that the Federal Bureau of Prisons ("BOP") is improperly calculating his release date or erroneously implementing his sentence. *See id.* Taken Alive further claims that he should be released from prison because he "has endured a broken leg his whole 17 years of incarceration," and there are no conditions of confinement sufficient to prevent his injury. *See* [R. 1-1, pp.1–5]. The Respondent filed a response in opposition to Taken Alive's petition, [R. 12], and Taken Alive filed a short reply in which he "requests a bond and evidentiary hearing immediately." [R. 15; R. 16].

The Court has fully reviewed the parties' submissions and will deny Taken Alive's requests for relief. As an initial matter, Taken Alive's attempts to collaterally attack his underlying sentence

fail in light of the United States Supreme Court's recent decision in *Jones v. Hendrix*, No. 21-857, 2023 WL 4110233 (2023).  In *Jones*, the Supreme Court made it clear that a federal prisoner may not challenge his underlying conviction or sentence via § 2241 based upon an alleged intervening change in statutory law.  *See id.* at *5. Therefore, Taken Alive's initial claims are not viable, and, thus, the Court will dismiss those claims for lack of subject-matter jurisdiction.  *See id.* at *6, *14 (affirming the dismissal of the relevant § 2241 petition for lack of subject-matter jurisdiction).

The Court will also deny without prejudice Taken Alive's remaining claims related to the calculation or implementation of his sentence, as well as the conditions of his confinement.  That is because Taken Alive has not fully exhausted his administrative remedies, as required.  *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  Under the law, there is a multi-tiered administrative grievance process within the BOP.  If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has twenty days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has thirty days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has forty days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, the respondent has sufficiently demonstrated, through relevant evidence, that Taken Alive has failed to fully exhaust his administrative remedies with respect to his remaining claims.  *See* [R. 12, pp. 7–9 (citing R. 12-1, p. 3)].  Taken Alive's own reply appears to confirm this point; indeed, Taken Alive included with his submission an administrative remedy receipt showing that he is now in the middle of the administrative exhaustion process, currently pursuing one or more

legal claims with the BOP's Regional Director. *See* [R. 15-1, pp. 1–2]. Thus, Taken Alive's remaining claims are, at best, premature.

Accordingly, the Court **ORDERS** as follows:

1. Taken Alive's claims attempting to collaterally attack his underlying sentence [**R. 1**] are **DISMISSED** for lack of subject-matter jurisdiction.

2. Taken Alive's remaining claims [**R. 1**] are **DISMISSED** without prejudice for failure to fully exhaust his administrative remedies.

3. This action is **STRICKEN** from the Court's docket.

4. All pending motions are **DENIED** as moot.

5. The Court will enter a corresponding Judgment.

This the 3rd day of July, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY